UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE A2P SMS ANTITRUST LITIGATION | Master File 12 CV 2656 (AJN) |
| THIS DOCUMENT RELATES TO: All Actions | |

## DECLARATION OF JEFFREY J. SIMMONS

I, JEFFREY J. SIMMONS, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.  I am a resident of Alexandria, Virginia, and I am over the age of 18. I am fully familiar with the facts and circumstances set forth below, and I could and would testify competently to them if called upon to do so.

2.  Since April, 2005, I have been employed by CTIA – The Wireless Association ("CTIA"), one of the Defendants in the above-captioned litigation. Currently, I am CTIA's Assistant Vice President of Technology Programs, a position I have held since July 2011. My previous position at CTIA was Director of Technology Programs. I understand that this declaration may be used in support of motions by CTIA and other Defendants to compel arbitration of claims asserted by Plaintiffs TextPower, Inc. ("TextPower"), Club Texting, Inc. ("Club Texting") and iSpeedbuy LLC ("iSpeedbuy") in their Consolidated Amended Class Action Complaint.

3.  Persons or entities desiring to use a common short code ("CSC") for application-to-person ("A2P") messaging apply to lease such a CSC through a sublicense from Neustar, Inc. ("Neustar" or "Registry"), CTIA's designated agent and licensee. In leasing a

CSC, every lessee agrees to comply with the terms and conditions set forth in a standard agreement called the CSC Registrant Sublicense Agreement (the "CSC Agreement"), the current version of which (updated as of June 2009) is publicly available at http://www.usshortcodes.com/csc_subLeaseAgree.html.  A true and correct copy of the CSC Agreement is also annexed hereto as Exhibit A.

    4.  Lessees expressly accept the terms of the CSC Agreement by clicking on the "SUBMIT" button when they complete a CSC application online, as explained on the usshortcodes.com website through which the application is made.  The CSC Agreement also includes the following language, in capital letters in its first paragraph:

> BY CLICKING ON THE "SUBMIT" BUTTON AFTER COMPLETING THE CSC APPLICATION FORM OR BY RENEWING ANY CSC REGISTRATION, YOU AGREE TO BE BOUND BY THE TERMS AND CONDITIONS IN THIS AGREEMENT AND ALL TERMS, POLICIES, AND GUIDELINES INCORPORATED BY REFERENCE. IF YOU DO NOT AGREE TO ALL OF THESE TERMS, DO NOT SUBMIT AN APPLICATION FOR A CSC OR RENEW ANY CSC REGISTRATION.

    5.  As described herein, Plaintiffs TextPower, Club Texting, and iSpeedbuy have each agreed to be bound by the current CSC Agreement's terms in the manner(s) set forth in the language quoted above.

    6.  "**Arbitration**" provisions are found in paragraph 19 of the current CSC Agreement.  "**Governing Law**" provisions are found in paragraph 21 of the current CSC Agreement.

    7.  Some of the Plaintiffs' CSCs were originally leased pursuant to a predecessor version of the CSC Agreement (the "April 2007 CSC Agreement").  A true and correct copy of the April 2007 CSC Agreement is annexed hereto as Exhibit B.

8.      The **"Arbitration"** provisions in the April 2007 CSC Agreement are found in its paragraph 18. The **"Governing Law"** provisions of the April 2007 CSC Agreement are found in its Paragraph 20.

9.      Paragraph 21 of the April 2007 CSC Agreement provides, in relevant part:

> **21.     Changes to this Agreement.** Registry reserves the right to modify this Agreement at any time and from time to time. Any such revision or change will be binding and effective upon sending notification to You by e-mail or United States mail. . . . By continuing to use the Service after any revision to this Agreement, You agree to abide by and be bound by any such revisions or changes.

10.     Based on my inquiries and review of relevant records, I am informed and believe that Plaintiffs TextPower, Club Texting and iSpeedbuy were each provided timely notification of the current (June 2009) revision of the CSC Agreement by e-mail and/or United States mail. Additionally, Plaintiffs TextPower, Club Texting and iSpeedbuy have each leased and/or renewed CSCs since the current version of the CSC Agreement took effect in or about June 2009.

11.     Based on my review of relevant records, Plaintiff TextPower has leased CSCs since at least April 21, 2009. At least two of these leases have been regularly renewed (including on or about July 22, 2009 and thereafter, indicating TextPower's acceptance of the current CSC Agreement) and remain active.

12.     Based on my review of relevant records, Plaintiff Club Texting has leased numerous CSCs (and thus indicated its acceptance of the current CSC Agreement) since on or about September 23, 2009, including at least three that have been regularly renewed and remain active. Club Texting also appears to have transferred at least four other CSC leases to another entity, National Mobile Solutions, with Club Texting remaining the applicant and billing contact.

13.     Based on my review of relevant records, Plaintiff iSpeedbuy has leased one CSC since February 2009, which has been regularly renewed (including on or about August 28, 2009 and thereafter, indicating iSpeedbuy's acceptance of the current CSC Agreement) and remains active.

14.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:     August 14, 2012
           Corolla, NC

                                        Jeffrey J. Simmons