UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| IN RE A2P SMS ANTITRUST LITIGATION | ) ) ) ) ) |
| This Document Relates to: ALL ACTIONS | ) ) ) ) ) ) |

MASTER FILE: 12 CV 2656 (AJN)

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
A MOTION FOR LEAVE TO FILE A SUR-REPLY AND
IN OPPOSITION TO DEFENDANTS' CROSS-MOTION TO STRIKE**

Judge Cote addressed the issues raised by defendants concerning whether a sur-reply should be allowed in *Grocery Haulers, Inc. v. C&S Wholesale Grocers, Inc.*, No. 11 Civ. 3130 (DLC), 2012 WL 4049955, at *6 (S.D.N.Y. Sep. 14, 2012). She said:

> As a preliminary matter, C & S's May 24, 2012 motion to file a sur-reply memorandum is granted. "[C]ourts have broad discretion to consider arguments in a sur-reply," *Newton v. City of New York*, 738 F. Supp. 2d 397, 417 n. 11 (S.D.N.Y. 2010), particularly when new arguments are put forth in a reply brief. *See, e.g., Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991). . . .
>
> Grocery Haulers argues that C & S's motion for leave to file a sur-reply memorandum was not procedurally proper because C & S submitted its sur-reply papers alongside the motion itself. *See Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495 (S.D.N.Y. 1990) ("the proposed [sur-reply] papers should not accompany the request for leave to submit them") (citation omitted). Regardless of any procedural impropriety in C & S's submission, however, Grocery Haulers' reply raised "new issues material to the disposition of the question[s] before the court" and, accordingly, C & S's Sur-Reply is accepted. *United States v. Int'l Bus. Machines Corp.*, 66 F.R.D. 383, 384 (S.D.N.Y. 1975).

Other New York courts have granted motions for leave to file a sur-reply where the sur-reply was submitted with the motion. *See Am. S.S. Owners Mut. Protection & Indem. Ass'n, Inc.*

*v. Am. Boat Co.*, No. 11 Civ. 6804 (PAE), 2012 WL 32352 (S.D.N.Y. Jan. 6, 2012) ("Exhibit A to plaintiff's memorandum of law in support of its motion for leave to file a sur-reply (an attachment to Dkt. 18) shall be treated as plaintiff's sur-reply"); *Correspondent Servs. Corp. v. JVW Inv., Ltd.*, No. 99 Civ. 8934 RWS, 2004 WL 2181087, at *7 (S.D.N.Y. Sep. 29, 2004) ("The Waggoner Parties' motion is procedurally flawed, insofar as the proposed surreply memorandum was filed in conjunction with and attached to their motion for leave to file such papers. Notwithstanding this flaw, in an exercise of this Court's discretion the Waggoner Parties' motion is granted so as to permit comprehensive adjudication of the issues raised." (citations omitted)); *Envtl. Solutions Ass'n 1 v. Prof'l Labs., Inc.*, No. 5:12-cv-944 (GLS/DEP), 2012 WL 5472107, at *2 (N.D.N.Y. Nov. 9, 2012) ("Professional laboratories' request to file a surreply . . . is GRANTED and the attached surreply is deemed filed immediately"); *Navarrete De Pedrero v. Schweizer Aircraft Corp.*, 635 F. Supp. 2d 251, 256, 259 (W.D.N.Y. 2009) (granting "leave to file a sur-reply, [after] simultaneously filing a motion for permission and the proposed sur-reply . . . including an additional declaration").

Plaintiffs are not seeking to "have the last word." In fact, because of their cross-motion to strike, defendants will have the last word. Indeed, plaintiffs have not sought to respond to all arguments made by defendants in their replies (which might lead to the never-ending briefing referenced by defendants (Cross-Motion Mem. at 3[1])) but have targeted only three new arguments defendants raised in their replies.

---

[1] "Cross-Motion Mem." is Defendants' Memorandum of Law in Support of Cross-Motion To Strike Sur-Reply and Supporting Declaration and Opposition to Plaintiffs' Motion for Leave To File, dated February 28, 2013 (ECF No. 196).

First, the Carrier Defendants suggested a novel reading of the portion of the relevant sentence of the Neustar arbitration paragraph (Simmons Dec. Ex. A ¶ 19[2]) (Carr. Arb. Rep. at 2-3[3]), to which plaintiffs propose to respond by pointing out that it makes no sense in the context of the remainder of the sentence and would improperly make the subsequent sentence of the arbitration paragraph surplusage.

Second, OpenMarket argues that its 2010 arbitration clause in its agreement with TextPower encompasses claims arising prior to its execution (MBlox Rep. at 5-7[4]), and plaintiffs seek leave to file a sur-reply pointing out that, comparing the OpenMarket/TextPower clause to clauses in the cases cited for the first time in OpenMarket's reply shows that the language of the OpenMarket/TextPower arbitration clause is narrower than clauses held to apply retroactively, because it applies only to "claims" and not "disputes" or "controversies."

Third, because of the nature of the issue as to whether the costs of an arbitration would prevent plaintiffs TextPower and iSpeedbuy from effectively vindicating their federal statutory rights under the antitrust laws, plaintiffs in their opposition papers first set out the facts bearing on the costs to plaintiffs of arbitration, and defendants in their reply papers essentially set out their opposing facts. Just as it is appropriate for the parties bearing the burden of proof on a motion to dismiss to have an opportunity to reply, so it is appropriate here for the parties which, according to the Carrier Defendants must "make the required showing" (Carr. Arb. Rep. at 6-7), to have the opportunity to rebut the defendants', and, in particular, their expert's, new arguments regarding arbitration costs. Plaintiffs are not seeking to file a sur-reply to reply to the Carrier

---

[2] "Simmons Dec." is the Declaration of Jeffrey J. Simmons, dated August 14, 2012 (ECF No. 164).
[3] "Carr. Arb. Rep." is the Reply in Support of Carrier Defendants' Motion To Compel Arbitration (ECF No. 189).
[4] "MBlox Rep." is the Reply Memorandum in Further Support of Joint Motion of Defendants MBlox Incorporated and OpenMarket, Inc. To Stay Pending Arbitration and To Dismiss the Second Consolidated Amended Class Action Complaint (ECF No. 191).

Defendants' arguments on all aspects of costs (including expert costs, attorneys' fees, and discovery costs), but only to point out errors in the new arguments raised by defendants' expert regarding arbitration costs. Since no new issues are raised by plaintiffs' proposed sur-reply and the Reply Declaration of George Bermann regarding arbitration costs (and defendants have pointed to none), there is no reason to grant defendants' alternative relief to file a response to plaintiffs' sur-reply and a rebuttal declaration from their expert.

In sum, defendants seek to penalize plaintiffs for being efficient in providing the Court with their proposed sur-reply with their motion for leave to file the sur-reply. *See Pony Pal, LLC. v. Claire's Boutiques, Inc.*, 05 Civ. 2355 (CSH), 2006 WL 846354, at *1 (S.D.N.Y. March 31, 2006) ("Defendant was considerate enough to attach a proposed surreply memorandum to its motion for leave to file same"). However, because the proposed sur-reply only addresses three "new issues material to the disposition of the questions before the court" raised by defendants in their replies, *Grocery Haulers, supra*, the Court should exercise its discretion to grant leave to plaintiffs to file their sur-reply and the Reply Declaration of George Bermann.

Dated: March 6, 2013								Respectfully submitted,

											KAPLAN FOX & KILSHEIMER LLP

											By: /s/ Gregory K. Arenson
											    Robert N. Kaplan
											    Richard J. Kilsheimer
											    Gregory K. Arenson
											    Elana Katcher
											850 Third Avenue, 14th Floor
											New York, NY 10022
											Telephone: (212) 687-1980
											Facsimile: (212) 687-7714
											Emails: rkaplan@kaplanfox.com
											        garenson@kaplanfox.com
											        rkilsheimer@kaplanfox.com
											        ekatcher@kaplanfox.com

											*Plaintiffs' Lead Counsel*

											**CUNEO GILBERT & LADUCA, LLP**

											Jonathan W. Cuneo
											Joel Davidow
											Victoria Romanenko
											507 C Street, N.E.
											Washington, D.C. 20002
											Telephone: (202) 789-3960
											Facsimile: (202) 789-1813
											Emails: jonc@cuneolaw.com
											        joel@cuneolaw.com
											        vicky@cuneolaw.com

											Michael Flannery
											Cuneo Gilbert & LaDuca, LLP
											300 North Tucker Boulevard
											No. 801
											St. Louis, MO 63101
											Phone: (202) 789-3960
											Fax: (202) 789-1813
											Email: Mflannery@cuneolaw.com

**KOHN SWIFT & GRAF, P.C.**

Joseph C. Kohn
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700
Fax: (215) 238-1968
Email: jkohn@kohnswift.com

*Attorneys for Plaintiffs*