UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE A2P SMS ANTITRUST LITIGATION ) ) ) | MASTER FILE:  12 CV 2656 (AJN) |
| ) | |
| THIS DOCUMENT RELATES TO: ) All Actions ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL**

December 10, 2014

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................... 2

ARGUMENT ......................................................................................................................... 4

    A.    The issue presented is a controlling question of law. ........................................... 4

    B.    There is substantial ground for difference of opinion regarding the merits of the issue presented. ........................................................................................... 5

    C.    Interlocutory appellate review would materially advance the ultimate termination of the litigation. .................................................................................. 7

CONCLUSION ...................................................................................................................... 8

## TABLE OF AUTHORITIES

                                              Page(s)

**CASES**

*In re A2P SMS Antitrust Litig.*,
    No. 14-2335 (2d Cir. Nov. 25, 2014)......................................................................................3

*Accenture LLP v. Spreng*,
    647 F.3d 72 (2d Cir. 2011)......................................................................................................4

*Ahrenholz v. Bd. of Trs. of Univ. of Ill.*,
    219 F.3d 674 (7th Cir. 2000) ..................................................................................................4

*Am. Int'l Grp., Inc. v. United States*,
    2013 WL 7121184 (S.D.N.Y. 2013).......................................................................................4

*Capitol Records, LLC v. Vimeo, LLC*,
    972 F. Supp. 2d 537 (S.D.N.Y. 2013)............................................................................ *passim*

*In re Currency Conversion Fee Antitrust Litig.*,
    2005 WL 1871012 (S.D.N.Y. 2005).......................................................................................5

*Doninger v. Niehoff*,
    642 F.3d 334 (2d Cir. 2011)....................................................................................................4

*In re Enron Corp.*,
    2007 WL 2780394 (S.D.N.Y. 2007).......................................................................................5

*Johnson v. Burken*,
    930 F.2d 1202 (7th Cir. 1991) ................................................................................................8

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in
    Amministrazione Straordinaria*,
    921 F.2d 21 (2d Cir. 1990).................................................................................................4, 5

*Koehler v. Bank of Bermuda Ltd.*,
    101 F.3d 863 (2d Cir. 1996)....................................................................................................7

*Laurent v. PriceWaterhouseCooper LLP*,
    2007 WL 2363616 (S.D.N.Y. 2007).......................................................................................4

*Reed Elsevier, Inc. ex rel. LexisNexis Div. v. Crockett*,
    734 F.3d 594 (6th Cir. 2013) ..................................................................................................2

*McTigue v. Regal Cruises*,
    1998 WL 289153 (S.D.N.Y. 1998).........................................................................................4

# TABLE OF CONTENTS
(continued)

Page

*Murray v. Metro. Life Ins. Co.*,
  583 F.3d 173 (2d Cir. 2009)..................................................................................................4

*NML Capital, Ltd. v. Banco Central de la Republica Argentina*,
  652 F.3d 172 (2d Cir. 2011)..................................................................................................4

*Opalinski v. Robert Half Int'l Inc.*,
  761 F.3d 326 (3d Cir. 2014)..............................................................................................2, 6

*Rothstein v. GMAC Mortg., LLC*,
  2014 WL 1329132 (S.D.N.Y. 2014).....................................................................................4

*Sandquist v. Lebo Automotive*,
  2014 WL 6463111 (Cal. Nov. 12, 2014) ..............................................................................6

*Weber v. United States*,
  484 F.3d 154 (2d Cir. 2007)..................................................................................................7

**STATUTES**

9 U.S.C. § 16..............................................................................................................................1, 4

9 U.S.C. § 16(a) .............................................................................................................................3

9 U.S.C. § 16(a)(1)(B) ...................................................................................................................4

9 U.S.C. § 16(b) .............................................................................................................................4

28 U.S.C. § 1292(b) ............................................................................................................. *passim*

**OTHER AUTHORITIES**

16 Charles A. Wright *et al.*, *Federal Practice & Procedure* § 3930 (2d ed. 2012) ........................5

The Carrier Defendants[1] and CTIA—The Wireless Association ("CTIA") (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to certify the Court's May 29, 2014 Order for interlocutory appeal under 28 U.S.C. § 1292(b).

## INTRODUCTION

In its May 29, 2014 Order, the Court denied Defendants' motions to compel Plaintiffs to arbitrate their claims on an individual basis and granted Plaintiffs' cross-motion to the extent of requiring the question whether the applicable arbitration provision authorizes class arbitration to be resolved by the arbitrator. Believing that the Order was immediately appealable under Section 16 of the Federal Arbitration Act ("FAA") because this Court denied Defendants' motion to compel arbitration on an individual basis, Defendants filed a notice of appeal. However, the Second Circuit concluded (as this Court predicted) that Section 16 did not authorize an immediate appeal, and dismissed the appeal for lack of appellate jurisdiction.

Regardless of whether the Order was immediately appealable as a matter of right, the stakes and importance of the issues it presented demonstrate that immediate appellate review is warranted here. Accordingly, Defendants respectfully request that the Court certify its Order for interlocutory appeal under 28 U.S.C. § 1292(b), which provides that interlocutory appeal is appropriate when the "order involves a controlling question of law as to which there is a substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

That standard is satisfied here. First, the question whether a court or arbitrator should determine whether the relevant arbitration provision permits class-wide arbitration is a pure and controlling question of law. Second, there are substantial grounds for a difference of opinion on

---

[1] The Carrier Defendants are AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, Sprint Nextel Corporation, T-Mobile USA, Inc., and U.S. Cellular Corporation.

that question; indeed, although this Court disagreed with Defendants' position, it characterized the issue as a "close one" and recognized that its decision conflicts with the Sixth Circuit's views (as well as those of several other district courts). And since the Court issued its Order, the Third Circuit joined the Sixth Circuit. *See Opalinski v. Robert Half Int'l Inc.*, 761 F.3d 326 (3d Cir. 2014); *see also* Dkt. No. 280 at 4 (discussing *Opalinksi* and noting "the divided views of several courts"). Third, immediate resolution of this issue by the Second Circuit will materially advance the ultimate termination of the case by resolving at the outset whether Plaintiffs may pursue a putative class arbitration or instead must arbitrate their claims on an individual basis.

As one appellate court has remarked, the fundamental differences between bilateral and class-wide arbitration are so great that "the question whether the parties agreed to classwide arbitration is vastly more consequential than even the gateway question whether they agreed to arbitrate [at all]." *Reed Elsevier, Inc. ex rel. LexisNexis Div. v. Crockett*, 734 F.3d 594, 599 (6th Cir. 2013). This Court should afford the Second Circuit an opportunity to address without delay whether courts, and not arbitrators, should decide this question of fundamental importance.

## BACKGROUND

Plaintiffs filed a putative class action in this Court in April 2012, and filed their second amended complaint (Dkt. No. 138) in September 2012. Defendants responded by moving to compel arbitration based on the arbitration provision in the governing Registration Sublicense Agreement ("RSA"). Defendants expressly requested that the Court "compel Plaintiffs to arbitrate all claims set forth in the [SAC] on an individual basis." Carrier Defs.' Mot. to Compel 25 (Dkt. No. 173) (emphasis added); *accord* CTIA Mot. to Compel 13 (Dkt. No. 163). On September 16, 2013, the Court granted Defendants' motions to compel arbitration and stayed Plaintiffs' actions against all Defendants pending resolution of any arbitration proceedings. Dkt. No. 225.

Over four months later, on January 28, 2014, Plaintiffs submitted a "Demand for Arbitration" to the AAA, attaching a copy of the RSA and a "Statement of Claim." *See* Dkt. No. 237-1.  In the demand, Plaintiffs sought to "bring [a] ***class arbitration*** on behalf of themselves and proposed Class members" and requested that the arbitral panel "enter a Class Determination Award determining that this arbitration may be maintained as a class arbitration[.]"  Dkt. No. 237 Ex. 1.C, Statement of Claim ¶ 101, Prayer for Relief ¶ A (emphasis added).  On February 11, 2014, Defendants moved this Court for an order "compelling individual arbitration of Plaintiffs' claims."  Dkt. No. 236 at 1.  The parties stipulated that the arbitration would be stayed pending the Court's resolution of Defendants' motion.  Dkt. No. 241.  On May 29, 2014, this Court denied Defendants' request that it order individual arbitration and granted in part Plaintiffs' cross-motion to compel a putative class arbitration.  Dkt. No. 251 ("Order") at 20–21. Defendants timely filed notices of appeal on June 27 and 30, 2014 (Dkt. Nos. 260, 264, 265, 267, 268, 269), contending that this Court's denial of their motion to compel individual arbitration was immediately appealable under Section 16(a) of the FAA.  This Court subsequently denied a motion to stay to pending appeal, concluding, *inter alia*, that Defendants were unlikely to succeed on the merits of their appeal because of a lack of appellate jurisdiction.  Dkt. No. 280 at 4–5.

The Second Circuit dismissed Defendants' appeals on November 25, 2014, concluding, presumably because this Court's Order also compelled arbitration in part, that the Order was not "an appealable order 'denying a petition * * * to order arbitration to proceed' as contemplated under the Federal Arbitration Act."  Dkt. No. 136, *In re A2P SMS Antitrust Litig.*, No. 14-2335

3

(2d Cir. Nov. 25, 2014) (attached as Exhibit A) (quoting 9 U.S.C. § 16(a)(1)(B)).[2] Defendants accordingly now move to certify the Court's May 29, 2014 Order for interlocutory review.

## ARGUMENT

Certification of an order for interlocutory review is appropriate when the "order involves [1] a controlling question of law as to which [2] there is a substantial ground for difference of opinion" and "[3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also, e.g.*, *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 176 (2d Cir. 2009); *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 23 (2d Cir. 1990). Both the Second Circuit and this Court regularly permit interlocutory review when the statutory criteria are met.[3] And the Court's May 29, 2014 Order readily satisfies this standard.

### A.   The issue presented is a controlling question of law.

To begin with, the question presented is a pure issue of law that the court of appeals can "resolve * * * quickly and cleanly without having to study the record," making certification especially appropriate. *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 553 (S.D.N.Y. 2013); *accord Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000) (holding that Section 1292(b) certification is appropriate when appeal presents a "pure"

---

[2]   The Second Circuit's holding that there was no appellate jurisdiction under Section 16 of the FAA does not bar Section 1292(b) certification here. Section 16(b) prohibits appeals from certain types of interlocutory orders favoring arbitration "[e]xcept as otherwise provided in section 1292(b) of title 28." 9 U.S.C. § 16(b); *see also Accenture LLP v. Spreng*, 647 F.3d 72, 74 n.1 (2d Cir. 2011).

[3]   *See, e.g.*, *NML Capital, Ltd. v. Banco Central de la Republica Argentina*, 652 F.3d 172, 184 (2d Cir. 2011); *Doninger v. Niehoff*, 642 F.3d 334, 338 & nn.1–2 (2d Cir. 2011); *Murray*, 583 F.3d at 176; *Klinghoffer*, 921 F.2d at 25; *Rothstein v. GMAC Mortg., LLC*, 2014 WL 1329132, at *3 (S.D.N.Y. 2014) (Nathan, J.); *Am. Int'l Grp., Inc. v. United States*, 2013 WL 7121184, at *3 (S.D.N.Y. 2013); *Laurent v. PriceWaterhouseCooper LLP*, 2007 WL 2363616, at *1 (S.D.N.Y. 2007); *McTigue v. Regal Cruises*, 1998 WL 289153, at *1 (S.D.N.Y. 1998).

issue of law that "the court of appeals c[an] decide quickly and cleanly" without the need for "immersion" in a "detailed" district court record). There are no factual disputes relevant to the issue presented here—whether, under the FAA, a court or arbitrator must resolve whether an arbitration agreement authorizes class arbitration.

The question is also "controlling" within the meaning of Section 1292(b). A legal question is considered controlling when "interlocutory reversal might save time for the district court [or arbitrator], and time and expense for the litigants" (16 Charles A. Wright *et al.*, *Federal Practice & Procedure* § 3930 (2d ed. 2012)), or when its resolution "would materially affect the litigation's outcome" (*Capitol Records*, 972 F. Supp. 2d at 551 (quoting *In re Enron Corp.*, 2007 WL 2780394, at *1 (S.D.N.Y. 2007))). Thus, resolution of the issue need not itself "terminate an action in order to be 'controlling.'" *Klinghoffer*, 921 F.2d at 24. It is enough that "a prompt and authoritative disposition of the question [would be] extremely important to the prudent management of the litigation." *In re Currency Conversion Fee Antitrust Litig.*, 2005 WL 1871012, at *3 (S.D.N.Y. 2005) (quotation omitted). That is certainly the case here: The Second Circuit's resolution of this issue will authoritatively determine which tribunal decides whether Plaintiffs may proceed with a putative class arbitration, and that tribunal, in turn, will resolve whether the arbitration agreement authorizes Plaintiffs' putative class arbitration.

**B.      There is substantial ground for difference of opinion regarding the merits of the issue presented.**

Under Section 1292(b), "a substantial ground for a difference of opinion" exists "when (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Capitol Records*, 972 F. Supp. 2d at 551 (quotation marks omitted). Both tests are independently satisfied here.

5

First, there is conflicting authority on the issue. This Court has already recognized that "the appellate courts addressing this issue after *Stolt-Nielsen* have arrived at divergent results" (Order 15) and acknowledged that its ruling is in conflict with those of the Sixth Circuit as well as other district courts (*id.* at 16). *See also* Dkt. No. 280 at 4 ("there are serious questions going to the merits of Defendants' appeal"). As this Court's order denying a stay pending appeal recognized, the conflict has deepened since the Order, as the Third Circuit has joined the Sixth Circuit in rejecting this Court's view. Dkt. No. 280 at 4 (discussing *Opalinski*).[4] Moreover, this Court has acknowledged that this issue is one "of first impression for the Second Circuit" (*Capitol Records*, 972 F. Supp. 2d at 551) by explaining that no "binding precedent" has squarely addressed it (Order 20). *See also* Dkt. No. 280 at 4 ("there is no controlling Supreme Court or Second Circuit precedent on point").

The presence of a conflict between the Sixth and Third Circuits, on the one hand, and this Court and other district courts, on the other, suggests that the issue is a "difficult" one as well. *Capitol Records*, 972 F. Supp. 2d at 551. This Court has described the issue as "close" and acknowledged that "[t]here are reasons to view the 'fundamental' differences between class arbitration and bilateral arbitration as relevant to whether the availability of such class arbitration is a 'question of arbitrability'" that is presumptively for a court to decide. Order 18–19; *see also* Dkt. No. 280 at 4 (similar); Order 19–20 (acknowledging that "the availability of class arbitration is plausibly an issue that contracting parties might expect a court to resolve, subject to standard appellate review, rather than risk undergoing the entirety of a high-stakes, high-cost arbitration that may differ from the proceeding contemplated by the parties"). Indeed, this Court

---

[4] This conflict is also playing out in state courts. After this Court issued its order denying the stay, the California Supreme Court granted review in *Sandquist v. Lebo Automotive*, 2014 WL 6463111 (Cal. Nov. 12, 2014), to address the issue after a conflict arose among the different districts of the California Courts of Appeal.

has acknowledged that "there are serious questions going to the merits of Defendants' appeal" because of the "lack of clear precedent and the divided views of several courts." Dkt. No. 280 at 4. Thus, it is beyond doubt that the issue is one about which reasonable judges can—and do—disagree.

In short, this case offers precisely the kind of "knotty legal problem[]" for which Section 1292(b) certification is designed to "assure prompt resolution." *Weber v. United States*, 484 F.3d 154, 159 (2d Cir. 2007).

### C. Interlocutory appellate review would materially advance the ultimate termination of the litigation.

Finally, an immediate appeal would materially advance the ultimate disposition of the case. This third factor is "in practice closely connected to the first factor," because it too focuses on whether a "definitive answer" by the appellate court may save "vast amounts of expense and time" for the parties and the tribunal below. *Capitol Records*, 972 F. Supp. 2d at 551, 554 (internal quotation marks omitted). Indeed, a fundamental purpose of Section 1292(b) is to "avoid protracted litigation" in cases that can be greatly simplified at the outset. *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865–66 (2d Cir. 1996) (discussing legislative history of Section 1292(b)).

An immediate appeal would serve that purpose. If the Second Circuit does not address now the question of "who decides" whether class arbitration is available, and the arbitrators (erroneously) conclude that a class arbitration may proceed, the Second Circuit will be forced to confront the issue later. And if the Second Circuit ultimately agrees with the Third and Sixth Circuits that a court must decide the question, then any time and effort expended by the parties and the arbitral panel will have been for naught. Indeed, this Court's order denying Defendants' motion for a stay pending appeal acknowledged that interlocutory reversal in these circumstances

7

will "waste * * * Defendants' resources litigating [the] issue in arbitration" as well as waste "arbitral resources." Dkt. No. 280 at 7–8. It is thus clear that "a definitive answer" from the Second Circuit now "may save the [arbitrators] and parties 'vast amounts of expense and time.'" *Capitol Records, LLC*, 972 F. Supp. 2d at 554 (citation omitted); *see also Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) (certification is appropriate "if interlocutory reversal *might* save time for the [tribunal below], and time and expense for the litigants" (quoting 16 Charles A. Wright et al., *Federal Practice & Procedure* § 3930 (1977)) (emphasis added)).

## CONCLUSION

The Court should certify its May 29, 2014 Order for interlocutory appeal under 28 U.S.C. § 1292(b).

Respectfully submitted,

SPRINT NEXTEL CORPORATION

By: /s/ John E. Schmidtlein
John E. Schmidtlein (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Email: jschmidtlein@wc.com

U.S. CELLULAR CORPORATION

By: /s/ Eamon P. Joyce
Eamon P. Joyce
SIDLEY AUSTIN LLP
787 Seventh Ave.
New York, New York 10019
Telephone: (212) 839-5300
Email: ejoyce@sidley.com

AT&T MOBILITY LLC

By: /s/ Archis A. Parasharami
Evan M. Tager
Archis A. Parasharami (admitted *pro hac vice*)
Daniel E. Jones
MAYER BROWN LLP
1999 K Street, NW
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
E-mail: aparasharami@mayerbrown.com

T-MOBILE USA, INC.

By: /s/ Christopher B. Hockett
Christopher B. Hockett (admitted *pro hac vice*)
Micah G. Block (admitted *pro hac vice*)
DAVIS POLK & WARDWELL
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2009
Email: chris.hockett@davispolk.com
       micah.block@davispolk.com

Joel M. Cohen
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4592
Email: joel.cohen@davispolk.com


CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS

By: /s/ Aaron M. Panner
Aaron M. Panner (admitted *pro hac vice*)
Brendan J. Crimmins (admitted *pro hac vice*)
KELLOGG, HUBER, HANSEN, TODD,
   EVANS & FIGEL, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Email: apanner@khhte.com
       bcrimmins@khhte.com

Thomas J. Frederick
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5983
Email: tfrederick@winston.com

Luke A. Connelly
WINSTON & STRAWN LLP
MetLife Building
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6882
Email: lconnelly@winston.com

CTIA—THE WIRELESS ASSOCIATION

By: /s/ Scott Martin
Scott Martin
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-2231
Facsimile: (212) 801-6400
Email: martinsc@gtlaw.com

Of Counsel:
Ruth A. Bahe-Jachna
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-8421
Facsimile: (312) 899-0312
Email: baher@gtlaw.com

Michael D. McNeely (admitted *pro hac vice*)
3706 Huntington Place, N.W.
Washington, D.C. 20015
Telephone: (202) 966-1679
Facsimile: (202) 747-5898
Email: mcneelylaw@mac.com

**CERTIFICATE OF SERVICE**

      I, Archis A. Parasharami, declare that, on December 10, 2014, true and correct copies of the foregoing Memorandum of Law in Support of Motion for Certification of Order for Interlocutory Appeal was electronically filed pursuant to the Court's ECF system, which served it upon counsel of record.

                                        /s/ *Archis A. Parasharami*
                                        Archis A. Parasharami